UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Cause No. 1:09-cr-136-WTL-KPF-1 |
| ALBERTO SANTANA-CABRERA, | ) |  |
| Defendant. | ) |  |

## ENTRY ON MOTION TO WITHDRAW GUILTY PLEA

On December 30, 2010, Defendant Alberto Santana-Cabrera filed a Motion to Withdraw Guilty Pleas (Docket No. 157). Specifically, Santana-Cabrera sought to withdraw his guilty pleas as to Counts 2 through 6 of the Superseding Indictment. The Government responded in January, and on February 22, 2011, the Court held a hearing on this matter. Santana-Cabrera appeared at the hearing with counsel and testified before the Court. After hearing his testimony, and the arguments of counsel, the Court concludes that the Defendant has failed to identify a fair and just reason for withdrawing his guilty plea. Accordingly, his motion is **DENIED**.

According to the Seventh Circuit, "'[a] defendant does not have an absolute right to withdraw a plea before sentencing, although the court may allow him to do so if he has a fair and just reason for doing so.'" *United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008) (quoting *United States v. Carroll*, 412 F.3d 787, 792 (7th Cir. 2005)). However, "[b]ecause the defendant's statements at the plea colloquy are presumed to be true, the defendant bears a heavy burden of persuasion in showing that such a fair and just reason exists." *Id*. (citing *United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001)). Accordingly, "[a] defendant faces an uphill battle in seeking to withdraw a guilty plea after a thorough plea colloquy." *Id*. (citing *United States v.*

*Bennett*, 332 F.3d 1094, 1099 (7th Cir. 2003)). The Seventh Circuit has concluded that failure to knowingly and voluntarily enter a guilty plea, *United States v. Wallace*, 276 F.3d 360, 366 (7th Cir. 2002), actual innocence, *Chavers*, 515 F.3d at 725, and ineffective assistance of counsel, *Carroll*, 412 F.3d at 793, are all valid reasons for withdrawing a guilty plea.

When considering whether a Defendant's reason to withdraw a guilty plea is fair and just, district courts look to four factors: (1) whether the defendant was competent at the time of his plea; (2) whether the defendant was ably represented by counsel; (3) whether the defendant understood the charge against him and knowingly waived his rights when pleading guilty; and (4) whether the defendant accepted the factual basis for his plea at the Rule 11 colloquy. *Chavers*, 515 F.3d at 726.

In the instant case, the Defendant does not claim that he was incompetent at the time of his guilty plea and there is absolutely no evidence in the record to indicate as much. Nor does the record support a conclusion that Santana-Cabrera did not understand the charges against him. Indeed, both the Court and the Defendant's counsel worked to ensure that the Defendant understood the charges against him so that the waiver of his rights was knowing. Finally, Santana-Cabrera does not claim to be innocent of the charges. Instead, he argues that although he had counsel, his attorney was not competent and rendered "limited, profoundly flawed and ineffective legal advice." Docket No. 157 ¶ 11. According to Santana-Cabrera, because his counsel's advice was so deeply flawed, his guilty plea was not knowingly, intelligently, or voluntarily made. *See id.*

Unfortunately, the record does not support Santana-Cabrera's argument. Moreover, the Court notes that Santana-Cabrera's decision to plead guilty to five of the counts against him and

2

go to trial on the remaining three counts was repeatedly referred to as a strategic decision. Given this posture, the Court concludes that it is neither fair nor just to allow the Defendant to withdraw his guilty pleas to Counts 2 through 6 of the Superseding Indictment. Accordingly, the Defendant's Motion to Withdraw Guilty Pleas (Docket No. 157) is **DENIED**.

SO ORDERED: 02/23/2011

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Michelle Patricia Brady
United States Attorney's Office
michelle.brady@usdoj.gov

Vernon E. Lorenz
Vernon E. Lorenz, P.C.
vlorenz@vernonlorenzlaw.com

Josh J. Minkler
United States Attorney's Office
josh.minkler@usdoj.gov

U.S. Marshals Service

U.S. Probation Office