UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

v.

ALBERTO SANTANA-CABRERA

Case No. 1:09-cr-00136-JPH-MJD-1

ORDER ON RENEWED MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:09-cr-00136-JPH-MJD |
| | ) | |
| ALBERTO SANTANA-CABRERA, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Defendant Alberto Santana-Cabrera has filed a motion for reduction of sentence under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 279. For the reasons explained below, his motion is **DENIED**.

## I.    Background

In 2011, Mr. Santana-Cabrera was convicted of:

- one count of conspiracy to possess with the intent to distribute, and to distribute, 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851 (Count 1);

- three counts of distribution of methamphetamine (mixture) in violation of 21 U.S.C. §§ 841(a)(1) and 851 (Counts 2, 3, and 5);

- three counts of carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Counts 4, 6, and 8); and

1

- one count of possession with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 851 (Count 7). Dkt. 170 at 1-2.

The Court imposed a total sentence of 900 months' (75 years') imprisonment itemized as follows:

- 240-month (20 year) concurrent sentences on Counts 1, 2, 3, 5, and 7;

- a 60-month (5 year) consecutive sentence on Count 4;

- a 300-month (25 year) consecutive sentence on Count 6; and

- a 300-month (25 year) consecutive sentence on Count 8. Dkt. 170 at 3.

The Court imposed the statutory mandatory minimum sentence for each of the three § 924(c) counts.  This resulted in a total sentence of 55 years on the § 924(c) counts under the "stacking" provisions of § 924(c) as it existed at the time. 18 U.S.C. § 924(c) (effective Oct. 6, 2006, to Dec. 21, 2018).

The Bureau of Prisons ("BOP") currently reports Mr. Santana-Cabrera's anticipated release date (with good-conduct time included) as July 9, 2073. *See* https://www.bop.gov/inmateloc/ (last visited April 10, 2026).

In his original motion, Mr. Santana-Cabrera argued that he could show extraordinary and compelling reasons for release because, among other things, he would be subject to a much shorter mandatory minimum sentence if he were sentenced under § 924(c) as revised by the First Step Act.  Dkt. 238. While that motion was pending, the Seventh Circuit issued its opinion in

2

*United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021), holding that the nonretroactive amendment of § 924(c) was not an extraordinary and compelling reason for release. After the Court ordered Mr. Santana-Cabrera to show cause why *Thacker* did not control, he conceded that *Thacker* foreclosed his argument based on the amendment to § 924(c). Dkt. 264. The Court ultimately denied his motion for compassionate release without considering the argument about the amendment to § 924(c). See dkts. 238, 267.

Mr. Santana-Cabrera then appealed the District Court's denial of that motion, arguing in relevant part that the amendment of 924(c) is an extraordinary and compelling reason for release. Dkt. 269. He contended that a judge is allowed to consider nonretroactive changes in the law when determining if an extraordinary and compelling reason for release exists under 18 U.S.C. § 3582(c)(1)(A) based on *Concepcion v. United States*, 142 S. Ct. 2389 (2022) (in conflict with *United States v. Thacker*, 4 F. 4th 569 (7th Cir. 2021). *United States v. Santana-Cabrera*, No. 22-2056, 2023 WL 2674363 (7th Cir. Mar. 29, 2023). The Seventh Circuit, however, affirmed the District Court's denial, explaining that (1) the argument need not be considered because Mr. Santana-Cabrera had previously dropped the argument after conceding that *Thacker* foreclosed it, and (2) *Concepcion* addresses what a judge may consider at resentencing, not whether a prisoner has shown an extraordinary and compelling reason for a sentence reduction. *Id.*

3

## II.    Discussion

Mr. Santana-Cabrera now argues that he is entitled to a sentence reduction based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). *Id.* at 32-24. He identifies two extraordinary and compelling reasons for release: (1) he is serving an unusually long sentence that would likely be much shorter if imposed today due to the "anti-stacking" amendment to § 924(c), or alternatively under *Dean v. United States*, 581 U.S. 62 (2017); and (2) he is no longer a threat to society because of his substantial rehabilitation. *Id.* at 11. The United States opposes the motion. Dkt. 288.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court is authorized to reduce a sentence if it finds there are "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). District courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). The United States Sentencing Commission has issued a policy statement identifying circumstances that qualify as "extraordinary and compelling" under § 3582(c)(1)(A)(i). *See* U.S.S.G. § 1B1.13 (Nov. 2023).

4

### A. Unusually Long Sentence

Mr. Santana-Cabrera contends that he can show extraordinary and compelling reasons for a sentence reduction under the "Unusually Long Sentence" provision of the policy statement. Under that provision:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). Mr. Santana-Cabrera argues that he meets the requirements of this provision because his 75-year sentence is unusually long, he has served at least ten years (approximately 15 years) of his sentence, and two intervening changes in the law produced a gross sentencing disparity between the sentence he received and the sentence he would likely receive today. Dkt. 280 at 33-34.

### 1. "Anti-Stacking" Amendment to § 924(c)

Mr. Santana-Cabrera points to post-sentencing changes to § 924(c) which dramatically changed how § 924(c) counts are "stacked." Under the former provisions of § 924(c) that required consecutive sentences of statutorily prescribed mandatory minimums, Mr. Santana-Cabrera received the then mandatory minimum sentence of 660 months' (55 years') imprisonment for his three § 924(c) convictions. Dkt. 170 at 3. If Mr. Santana-Cabrera were sentenced today under the current, revised version of § 924(c)—sometimes

referred to as the "anti-stacking" amendment—the mandatory minimum sentence for those convictions would total 180 months, or 15 years. Dkt. 288 at 12 (citing 18 U.S.C. § 924(c) (eff. June 25, 2022)). Mr. Santana-Cabrera argues that the 480-month (44.33-year) difference between the mandatory minimum sentence he received and the sentence he would likely receive if sentenced today creates a gross disparity. Dkt. 280 at 33-34.

In *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021), the Seventh Circuit held that the anti-stacking amendment to § 924(c) cannot be considered an extraordinary and compelling reason for sentence reduction "whether alone or in combination with other factors" because Congress specifically provided that the amendment did not apply retroactively. When *Thacker* was decided, there was no applicable policy statement defining the meaning of "extraordinary and compelling." After *Thacker* was decided, however, the Sentencing Commission issued a policy statement that directly conflicts with *Thacker*'s holding. *See* § 1B1.13(b)(6).

After the parties filed their briefs in this case, the Seventh Circuit decided *United States v. Black*. *Black* held that the Seventh Circuit's "interpretation of extraordinary and compelling prevails over the Commission's because the Commission exceeded its statutory authority." 131 F.4th 542, 546 (7th Cir. 2025). Reaffirming *Thacker*'s holding, the court held that the unusually long sentence provision of § 1B1.13(b)(6) does not apply to the anti-stacking amendment to § 924(c). *Id.* at 544.

6

*Black* is controlling here and forecloses Mr. Santana-Cabrera's argument that his 55-year sentence resulting from three "stacked" 924(c) sentences can be considered an extraordinary and compelling reason supporting a reduction to his sentence. In *Black,* the defendant made the same argument that Mr. Santana-Cabrera makes here—that he had shown extraordinary and compelling reasons for a sentence reduction because he met the criteria of § 1B1.13(b)(6) based on the anti-stacking amendment to § 924(c). The Seventh Circuit squarely addressed the conflict between *Thacker* and § 1B1.13(b)(6) and reaffirmed *Thacker*'s holding that the anti-stacking amendment cannot be an extraordinary and compelling reason (either by itself or in combination with other factors) for a sentence reduction. *Black,* 131 F.4th at 548. The court rejected the argument that *Thacker*'s holding was a "temporary" one that only applied so long as there was no applicable policy statement from the Sentencing Commission, finding instead that *Thacker* directly interpreted the statute. The court further reasoned that the Commission overstepped its statutory authority in adopting § 1B1.13(b)(6).

The Commission's guidelines and policy statements must be "consistent with all pertinent provisions of any Federal statute." 28 U.S.C. § 994(a)). But *Thacker* had already concluded that considering the changes to § 924(c) in the "extraordinary and compelling" analysis contradicted Congress's mandate that the changes to § 924(c) are not retroactive. So under *Black, Thacker* trumps the Sentencing Commission's new policy statement, leaving no room for any argument that a sentence based on "stacked" § 924(c) charges can serve as an

7

extraordinary and compelling reason for a sentence reduction. Mr. Santana-Cabrera's argument that he has shown extraordinary and compelling reasons for a sentence reduction based on the anti-stacking amendment to § 924(c) is therefore directly and unequivocally foreclosed by *Black*.

### 2. Judicial Discretion Under *Dean*

Mr. Santana-Cabrera argues that he can show extraordinary and compelling reasons for a sentence reduction based on the Supreme Court's decision *Dean v. United States.* At the time of his sentencing, the Court was required to determine the sentence for the predicate offenses independent of any consecutive sentence that would be required under § 924(c)(1). *United States v. Roberson*, 474 F.3d 432, 436-37 (7th Cir. 2007). That resulted in Mr. Santana-Cabrera receiving a 240-month sentence for the non-§ 924(c) predicate offenses, all of which were related to distribution of methamphetamine.  But after Mr. Santana-Cabrera was sentenced, the Supreme Court issued its opinion in *Dean,* holding that "nothing in th[e] requirements [associated with 924(c)] prevents a sentencing court from considering a mandatory minimum under 924(c) when calculating an appropriate sentence for the predicate offense." *Dean,* 581 U.S. at 71.  Mr. Santana-Cabrera argues that if he were sentenced today, under *Dean* a court could consider the mandatory consecutive sentences required under 924(c) and determine that a lesser sentence for the predicate, methamphetamine distribution related offenses was warranted.  Dkt. 280 at 16.

The problem with this argument, however, is that the Seventh Circuit has held that courts may not rely on "new judicial decisions" as "extraordinary and compelling reasons" for compassionate release. *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022). That's because "there's nothing 'extraordinary' about new statutes or caselaw" and any consequences that arise from them should be managed through direct appeal or 28 U.S.C. § 2255 collateral review. *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022). While *King* pre-dated the amendments to the policy statement defining "extraordinary and compelling", the Seventh Circuit has held that the plain text of § 3582(c)(1)(A)(1) precludes a court from considering new judicial decisions to be extraordinary and compelling reasons for a sentence reduction. To the extent there is a conflict between the amended policy statement and *King*, the Court must follow *King. See United States v. Tomkins*, No. 07 CR 277, 2025 WL 1042816, at *3–4 (N.D. Ill. Apr. 8, 2025) (concluding that defendant could not rely on the effect of *Dean* to establish an extraordinary and compelling reason for a sentence reduction because courts are bound to follow *King* even after the issuance of the amended policy statement). Accordingly, the Court cannot consider *Dean*, whether alone or in combination with any other factors, in determining whether Mr. Santana-Cabrera has established an extraordinary and compelling reason for a sentence reduction.

Moreover, Mr. Santana-Cabrera has not shown that he meets the criteria of the amended policy statement based on *Dean* alone. While he contends that *Dean* means that a court sentencing him today "could consider a lesser

9

sentence" for his predicate offenses, *see* dkt. 280 at 15-16, 34, he fails to explain how that possibility makes it *likely* that he would receive a lower sentence if sentenced under today's law, let alone that there is a *gross disparity* between his sentence and any sentence he would receive today, both of which the amended policy statement require. *See* U.S.S.G. § 1B1.13(b)(6). Accordingly, the Court concludes that *Dean* does not constitute an extraordinary and compelling reason for a sentence reduction, whether considered alone or in combination with any other factors.

## B. Rehabilitation

Last, Mr. Santana-Cabrera argues that his post-sentencing rehabilitation is an extraordinary and compelling reason for a sentence reduction. The Court commends Mr. Santana-Cabrera for pursuing educational and training opportunities during his incarceration and maintaining steady employment, *see* dkt. 280 at 11. But rehabilitation alone cannot be an extraordinary and compelling reason for a sentence reduction. *See* 28 U.S.C. § 994(t); *United States v. Peoples*, 41 F.3d 837, 842 (7th Cir. 2022).

## III.    Conclusion

For the reasons stated above, Mr. Santana-Cabrera's motion for compassionate release, dkt. [279], is **denied**.

**SO ORDERED.**

Date: 4/10/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

10

Distribution:

Alberto-Santana-Cabrera
Reg. No. 09255-028
FCI Fairton
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 420
FAIRTON, NJ 08320

All Electronically Registered Counsel of Record via CM/ECF